**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JERRY LADNER** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **1:05CV207LG-RHW** |
| | § | |
| **HANCOCK COUNTY, MISSISSIPPI** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION OF**
**DEFENDANT, HANCOCK COUNTY, MISSISSIPPI, FOR SUMMARY JUDGMENT**

BEFORE THIS COURT is the Motion of the Defendant, Hancock County, Mississippi,

to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6) [12], filed in the above-captioned cause on

March 21, 2006. The Plaintiff, who is proceeding *pro se*, filed a response on April 3, 2006.

Because the Court must look beyond the contents of the complaint to resolve the res judicata

issue, the Court will construe the motion to dismiss as one for summary judgment. For the

reasons set forth below, the Defendant's motion should be granted.

FACTS AND PROCEDURAL HISTORY

On October 1, 2002, the Defendant, Hancock County, filed an action in the Hancock

County Chancery Court seeking to enjoin Ladner from constructing a home without proper

permits. Ladner had begun construction of the home in August 2002 on a twenty-five acre

parcel that was zoned agricultural. "Ladner filed an answer and counterclaim in which he

alleged that he should be entitled to a jury trial on the issues, that he had been deprived of his

federal and state constitutional rights regarding the enjoyment of his property without

governmental interference, and that the County and its agents had trespassed on his property."

*Ladner v. Hancock County, Miss.*, 899 So.2d 899, 901 (Miss. Ct. App. 2004). The court

conducted a hearing and entered a judgment enjoining Ladner "from continuing his

construction of the residence on the property in question until such time that he obtained all necessary certificates and permits." *Ladner*, 899 So.2d at 901. The court also denied the relief requested by Ladner, including his request for a jury trial. The County subsequently filed a motion for contempt after Ladner failed to comply with the injunction. Soon thereafter, Ladner retained counsel, who filed numerous motions on behalf of Ladner. Ladner and Hancock County entered into an agreed judgment resolving the pending motions. The Chancery Court conducted a trial on the merits on March 26, 2003. The court issued its "judgment on June 6, 2003, finding that the plain language of Mississippi Code Annotated section 17-1-3 (Rev. 2003) makes it clear and unambiguous that Hancock County may require building permits for the construction of residences." *Ladner*, at 901. Based upon this finding, the court "held that its prior preliminary injunction should remain in full force and effect until such time as Ladner complies with the Hancock County Zoning Ordinance and Flood plain (sic) Management Regulations." *Id.* Ladner moved to reconsider, but the court denied his motion. Ladner appealed. The Mississippi Court of Appeals affirmed the Chancery Court's judgment. Ladner moved for a rehearing, but the court denied his motion. Likewise, on April 21, 2005, the Mississippi Supreme Court denied Ladner's writ of certiorari. *Ladner v. Hancock County*, 898 So.2d 679 (Miss. 2005). On May 2, 2005, only eleven days after the Supreme Court of Mississippi denied Ladner's writ of certiorari, Ladner filed his complaint in this Court.

In his complaint, Ladner alleges that Hancock County violated his civil rights by denying him "fair usage of agricultural land he has owned for twenty-five years, and which is zoned at the Hancock County Courthouse as Agricultal (sic) land." (Pl.'s Compl., p. 2, filed May 2, 2005.) Ladner essentially seeks a declaration that he "can build his house, exactly like

the laws say it can be built, without any interference from Hancock County, Mississippi."

(Pl.'s Compl., p. 3.)  In other words, Lander contends that because his land is zoned

agricultural land, he does not need a permit to build a home on the land.  The County filed an

amended answer on June 1, 2005, denying that it had violated Ladner's civil rights and

denying that Ladner was entitled to any relief.  On March 21, 2006, the County filed its motion

to dismiss, contending that because of the extremely vague allegations in the complaint, Ladner

had failed to state any wrongful acts against the County.  In addition, the County contends that

Ladner's claims should be dismissed for failure to state a claim upon which relief can be

granted based upon res judicata.  According to the County, Ladner asserted the same claims in

the proceedings before the Chancery Court of Hancock County.  The County further contends

that Ladner "fully exhausted all appeal rights through the Mississippi Supreme Court, who's

(sic) judgment remains in full force and effect."  (Def.'s Mot. to Dismiss, p. 2, filed Mar. 21,

2006.)

DISCUSSION

STANDARD FOR MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56:

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment

upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material

fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule

56(c) provides that as a matter of law, upon admitted or established facts, the moving party is

entitled to prevail.  Summary judgment "is not a catch penny contrivance to take unwary

litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for

arriving at the truth.  Its purpose is not to cut litigants off from their right of trial by jury if they

3

really have evidence which they will offer on a trial, it is to carefully test this out, in advance of

trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115

F.2d 305, 307 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of

identifying those portions of the pleadings and discovery on file, together with any affidavits,

which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.*

*Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  Once the movant

carries its burden, the burden shifts to the non-movant to show that summary judgment should

not be granted.  *Catrett*, 477 U.S. at 324-25, 106 S.Ct. at 253-54.  The non-moving party may

not rest upon mere allegations or denials in its pleadings, but must set forth specific facts

showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S.

242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

ARE PLAINTIFF'S CLAIMS BARRED BY RES JUDICATA:

  "Claim preclusion, or res judicata, bars the litigation of claims that either have been

litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*,

428 F.3d 559, 571 (5th Cir. 2005), *citing Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385,

395 (5th Cir.2004) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir.1999)).  "A

prior state court decision must be given the same preclusive effect in a subsequent federal

action as it would be given by the courts of the state from which the decision arose." *A & F*

*Props., LLC v. Madison County Bd. of Supervisors*, 414 F.Supp. 2d 618, 623 (S.D. Miss. 2005),

*quoting Bullock v. Resolution Trust Corp.*, 918 F.Supp. 1001, 1009 (S.D. Miss. 1995) (other

citation omitted).  Under Mississippi law, "four identities . . . must be present before a

subsequent action may be dismissed on the grounds of res judicata:

(1) identity of the subject matter of the original action when compared with the action now sought to be precluded;

(2) identity of underlying facts and circumstances upon which a claim is asserted and relief sought in the two actions;

(3) identity of the parties to the two actions, an identity met where a party to the one action was in privity with a party to the other; and

(4) identity of the quality or character of a person against whom the claim is made.

*Reid v. American Premier Ins. Co.*, 814 So.2d 141, 145 (Miss. 2002), *citing Dunaway v. W.H. Hopper & Assocs., Inc.,* 422 So.2d 749, 751 (Miss.1982).  In its motion, the County contends that the four requisite elements for the application of res judicata are met, and therefore, Ladner's claims are barred.  In his response, Ladner does not address the applicability of res judicata to his claims.

The elements necessary for the application of res judicata are unquestionably met in this case.  The first element is met because the identity of the subject matter of the prior action and this action are identical: the construction of a home on agricultural land without a permit.  The second element is met because the underlying facts and circumstances are likewise identical. Ladner has not asserted any facts in this case that were not asserted in his complaint in state court.  Ladner wants to construct a home on agricultural land without the necessity of obtaining a permit.  The third element is also met because the parties in this case are identical to the parties in the state court case.  The fourth element is met because the quality and character of Hancock County is the same in both cases.  Because all four elements are met, Ladner's claims are barred by res judicata.  For this reason, the County's motion must be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Motion of the Defendant, Hancock County, Mississippi, for Summary Judgment [12] should be and is hereby

5

**GRANTED.**

   **SO ORDERED AND ADJUDGED** this the 1[th] day of May, 2006.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE